# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| BETTY WARNOCK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV412-308 |
| CHATHAM COUNTY BOARD OF EDUCATION, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

On October 16, 2013, the Court ordered plaintiff Betty Warnock to show cause why she failed to serve the defendant in this employment discrimination case in the eight month period following her payment of the Court's filing fee. (Doc. 4.) In her show cause response, she states that she was under the impression that she needed to wait for further instructions from the Court. (Doc. 5.) She claims that she was told by the clerk that she "could not do anything else until [she] heard from the Judge." (*Id.*) She believed that meant she needed to "wait for further instructions." (*Id.*) She asks the Court to preserve the case and to allow her to correct the error. (*Id.*)

A plaintiff must serve process on a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). If she fails to do so, "the court -- on motion or on its own after notice to the defendant -- must dismiss the action without prejudice against the defendant or order that service be made within a specified time." *Id.* However, "[i]f the plaintiff shows good cause for the failure [to serve within 120 days of filing a complaint], the court must extend the time for service for an appropriate period." *Id.* The good-cause standard can be difficult to meet, as it "exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotations omitted, alteration in original). But, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id.*; *see also Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (discretion properly exercised where statute of limitations threatened claim in a relatively small delay case).

It is dangerous to rely upon the Clerk for litigation advice. As this Court has explained,

> [n]o litigant may ask for or receive substantive advice of any kind from this Court's Clerk, and certainly no one may rely on any such advice even if it is (wrongfully at that) dispensed. On substantive matters, including whether a litigant is free to disregard filing deadlines or wait around for someone to tell her to start litigating her case, the Clerk is simply not authorized to speak for the Court. The national and local procedural rules (especially those that establish time limits for filing things like a notice of appeal, for serving process, etc.), as well as the court system as a whole, would quickly degenerate were litigants able to claim that "I called the Clerk's office and they said I could have extra time to file that," or that the Clerk excused some other filing requirement, etc. Unless a written court ruling or notice permits otherwise, no litigant may claim, for example, "I was waiting to hear from the court" as an excuse for inaction where the rules demand action.

*West v. Lewes Color Lithographers*, 2007 WL 2071531 at *2 (S.D. Ga. July 16, 2007) (footnote omitted). Moreover, despite her *pro se* status, Warnock is reminded that she is subject to the same rules governing federal proceedings that apply to all represented litigants. *E.g., Nelson v. Barden*, 145 F. App'x 303, 311 n. 10 (11th Cir. 2005) ("[A] defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules."); *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (liberal construction of the pleading requirements for pro se litigants does not equate with liberal deadlines), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se IFP

3

litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Thus, "[d]espite inaccurate advice received from the District Court's Clerk's Office, "[i]t remain[ed] [her] duty to serve process on the named defendants in a manner consistent with the Federal Rules of Civil Procedure." *Soni v. Holtzer*, 225 F. App'x 614, 617 (3d Cir. 2007).

Courts, however, have found good cause when a *pro se* plaintiff's failure to serve within the time set by Rule 4(m) rested squarely on improper advice from a clerk. *See Chatman v. Condell Med. Ctr.*, 2001 WL 881305 at *3 (N.D. Ill. Aug. 6, 2001) (collecting cases). That is especially so where dismissal of a complaint for failure to serve would amount to a de facto dismissal with prejudice, which is the probable result here, since it appears that Warnock's claim would be time barred. *West*, 2007 WL 2071531 at *5. The Court will therefore permit Warnock 21 days from today's date to perfect service upon defendant.

Since she is serving a governmental entity, she must perfect service in accordance with Fed. R. Civ. P. 4(j), which requires service by either:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). She is reminded that she may not serve the complaint and summons herself. It must be served by a "person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2).

**SO ORDERED** this 6th day of December, 2013

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA